IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

OCT 25 1999

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JOHN COOPER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-99-0638 |
| | § | |
| GARY L. JOHNSON, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Pending before the court are Respondent Johnson's Motion to Dismiss as Time-Barred (Docket Entry No. 10) and the Objections and Answer of Petitioner, John Cooper (Docket Entry No. 11).

## I.  Background

Petitioner, John Cooper, is an inmate confined by the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID). On March 19, 1993, a jury in the 351st District Court of Harris County, Texas, found Cooper guilty of felony burglary of a motor vehicle. See Ex Parte Cooper, No. 36,624-01, at 19 (Tex. Crim. App. Mar. 4, 1998). Using two prior convictions as enhancement paragraphs, the jury sentenced Cooper to 38 years. See id. at 19, 26. The First Court of Appeals affirmed Cooper's conviction and

#12

sentence in an unpublished opinion on March 24, 1994.  See Cooper
v. State, No. 01-93-00262-CR (Tex. App. -- Houston [1st Dist.]
1994, no writ).  Cooper did not seek discretionary review from the
Texas Court of Criminal Appeals.

On October 14, 1997, Cooper filed an application for writ of
habeas corpus in state court.  See Ex Parte Cooper, No. 36,624-01
at 10 (Tex. Crim. App. Mar. 4, 1998).  The Texas Court of Criminal
Appeals denied Cooper's application without written order on
March 4, 1998.  See id. at cover.  Cooper filed a second state writ
on July 14, 1998, which the Texas Court of Criminal Appeals also
dismissed without opinion on October 7, 1998.  See Ex Parte Cooper,
No. 36,624-02 at 2, cover (Tex. Crim. App. Oct. 7, 1998).

On November 14, 1998, petitioner signed a petition for writ of
habeas corpus in this court,[1] raising the following grounds for
relief:

> (1) violation of his Sixth Amendment right to counsel
>     at a line-up identification;
>
> (2) ineffective assistance of trial counsel because his
>     counsel failed to diligently pursue or preserve
>     errors in the line-up identification;
>
> (3) ineffective assistance of counsel on appeal; and

---

[1]Cooper originally filed his petition in the Northern District
of Texas; that court entered an order transferring Cooper's
petition to this court on February 25, 1999.

(4)    insufficient    evidence    that    the    enhancement
       paragraphs used to sentence him were true.

Johnson  moves  to  dismiss,  arguing  that  under  the  statute  of

limitations  for  federal  habeas  actions  the  petition  is  untimely.

The court agrees.


## II.   <u>Statute of Limitations</u>

When  Congress  enacted  the  Antiterrorism  and  Effective  Death

Penalty  Act  of  1996  (AEDPA),  Pub.  L.  No.  104-132,  110  Stat.  1214,

it  included  a  one-year  statute  of  limitations.   The  statute  states

in part:

(d)(1)   A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court.  The
limitation period shall run from the latest of—

(A)   the date on which the judgment became
final by the conclusion of direct review or
the expiration of the time for seeking such
review;

(B)   the date  on  which  the  impediment  to
filing an application created by State action
in violation of the Constitution or laws of
the United States is removed, if the applicant
was  prevented  from  filing  by  such  State
action;

(C)   the date on which the constitutional
right asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collat-
eral review; or

n:\files\m&o\99-0638.fj            -3-

> (D)  the  date  on  which  the  factual  predicate
> of  the  claim  or  claims  presented  could  have
> been  discovered  through  the  exercise  of  due
> diligence.
>
> (2)  The  time  during  which  a  properly  filed  application
> for  State  post-conviction  or  other  collateral  review  with
> respect  to  the  pertinent  judgment  or  claim  is  pending
> shall  not  be  counted  toward  any  period  of  limitation
> under  this  subsection.

28 U.S.C. § 2244(d) (West Supp. 1999).  Because Cooper filed his

petition for habeas corpus after the effective date of the AEDPA,

its statute of limitations governs his claims.  See Lindh v.

Murphy, 117 S.Ct. 2059 (1997).

Johnson argues that under § 2244(d)(1)(A) Cooper's claims are

time-barred.  Cooper's conviction became final on April 23, 1994,

when the time expired to seek discretionary review in the Texas

Court of Criminal Appeals regarding his March 24, 1994, affirmance

by the First Court of Appeals.  See Tex. R. App. P. 68.2(a).  In

this circuit, petitioners attacking convictions that became final

before the AEDPA's effective date were accorded one year after the

effective date to file a habeas corpus petition.  See United States

v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998).  The effective date

of the AEDPA is April 24, 1996.  With the one-year grace period for

final convictions prior to the AEDPA's effective date, Cooper's

petition would have been timely before April 24, 1997.  See

n:\files\m&o\99-0638.fj                    -4-

<u>Flanagan v. Johnson</u>, 154 F.3d 196, 200-02 (5th Cir. 1998).  Cooper filed his petition no earlier than November 14, 1998, when he signed the petition.  Accordingly, Cooper filed his habeas corpus petition more than a year and a half after the statute of limitations had expired.

Furthermore, the statutory tolling provision in § 2244(d)(2) does not save the petition.  Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Petitioner filed his state habeas applications outside the statute of limitations and outside the grace period.  Thus, neither of his state habeas actions tolled the grace period.  However, even were his limitations period tolled for the pendency of his state petitions, Cooper would still have filed almost a year outside of the statute of limitations. Accordingly, petitioner did not timely file his federal petition.

Cooper argues, however, that § 2244(d)(1)(B) of the AEDPA provides the correct date of accrual for his claims or, alternatively, the statute of limitations should be equitably tolled in his case.  Cooper argues that the actions of the State Counsel for Offenders' Office worked to trick him into waiting past

n:\files\m&o\99-0638.fj                    -5-

the filing deadline for this petition.  Liberally construed, Cooper alleges that state action created an illegal impediment to filing his petition, and the statute of limitations should run from the time that impediment was removed under § 2244(d)(1)(B).  Cooper also expressly argues that under § 2244(d)(1)(B) his statute of limitations has not yet begun to run because the state has not provided him a free copy of his trial transcript.  Cooper states that this failure is an illegal impediment to his filing of a federal petition.  Cooper also argues that his appeals counsel did not notify him of a decision in his appeal; he argues that this prevented him from seeking timely discretionary review and delayed his efforts to exhaust his claims.  To overcome this disadvantage Cooper wants to have the limitations period equitably tolled for what he actually believed to be the pendency of his appeal. Indeed, Cooper asserts that had he known his conviction was final, he would have filed his petition to this court before the AEDPA was enacted and would therefore not have been subjected to its statute of limitations at all.  Finally, Cooper argues that the statute of limitations should be equitably tolled in his case because he had no access to a law library for two years and because he is a pro se litigant.  The court will deal with Cooper's legal and equitable arguments in turn.

## A.  Applicability of § 2244(d)(1)(B)

Cooper alleges that illegal state action created an impediment to filing his federal petition, and therefore that § 2244(d)(1)(B) provides the applicable beginning date for the statute of limitations period rather than § 2244(d)(1)(A) as Johnson alleges.  This would cause the statute of limitations to begin to run on Cooper's claims much later than Johnson contends.  Ordinarily, the AEDPA statute of limitations begins to run on the date that the conviction complained of becomes final.  See 28 U.S.C. § 2244(d)(1)(A) (West Supp. 1999).  However, when a state sets up an impediment that unconstitutionally prevents a prisoner from filing for collateral relief the limitations period does not begin until the state removes that impediment.  See 28 U.S.C. § 2244(d)(1)(B) (West Supp. 1999).

Cooper alleges several illegal impediments.  First, he alleges that the State Counsel for Offenders "tricked" him into waiting to file his petition by stating that it would review his file.  See Petitioner Objection's and Answer, pp. 4-5 (Docket Entry No. 11).  There is no evidence that the State Counsel's office violated the laws or Constitution of the United States in its handling of Cooper's request for assistance.  On the contrary, the correspondence provided by Cooper reflects that the State Counsel's office

n:\files\m&o\99-0638.fj                    -7-

told Cooper that it could not help him unless he provided more information about his case.  See Letter from Evelyn B. Williams, Aug. 12, 1996, at Cooper's Objection's and Answer, Attachment 4 (Docket Entry No. 11).  In this letter, the State Counsel staff attorney stated that Cooper's file would be left open for three weeks in anticipation of receiving the required information; it would be closed after that.  See id.  Cooper waited almost a year before forwarding the requested information.  See Letter from John Bennett, Jun. 16, 1997, at Cooper's Objection and Answer, Attachment 5 (Docket Entry No. 11) (acknowledging receipt of Cooper's legal papers).  The record, therefore, reflects not that the State Counsel for Offenders "tricked" Cooper into waiting past the filing deadline; rather, it reflects that Cooper waited until after the April 24, 1997, filing deadline to meaningfully engage the State Counsel's office by forwarding his paperwork.  Nothing in the record suggests that the State Counsel's office told Cooper that he could not file a federal petition before the State Counsel's office considered his situation.  Indeed, Cooper did file a state habeas petition on October 14, 1997, while the State Counsel's office was reviewing his case.  See Ex Parte Cooper, 36,624-01, at 1 (Tex. Crim. App. Mar. 4, 1998); Letter from John Bennett, Nov. 7, 1997, Cooper's Objection's and Answer at "Exhibit

10" (Docket Entry No. 11). The court concludes that the State of
Texas, acting through the office of the State Counsel for
Offenders, did not unconstitutionally impede Cooper from filing his
claims.

Second, Cooper argues that the State has failed to provide him
with a free copy of his trial transcript and records of the line-up
identification he wishes to challenge. He alleges he is constitu-
tionally entitled to these records, and has still not received
them. He therefore argues that the period under § 2244(d)(1)(B)
has not yet begun to run because this illegal impediment is still
in place until he gets his records. Cooper has, however, confused
an impediment to filing a petition (protected under
§ 2244(d)(1)(B)) with an impediment to gaining evidence of a
violation of his rights. See 28 U.S.C. § 2244(d)(1)(B) (West Supp.
1999). Cooper could and did file a federal habeas petition without
the records he claims have been denied him. Furthermore, Cooper
alleges that he filed a motion requesting these documents on
September 1, 1998. See Petitioner Objection's (sic) and Answer to
Respondent Motion to Dismiss as Time Barred, p. 7, Sept. 13, 1999
(Docket Entry No. 11). Refusal of that request could not have
retroactively affected Cooper's noncompliance with the statute of
limitations. Cooper attaches to his Answer to Johnson's Motion two

letters from the Harris County District Clerk's office refusing to supply a transcript without prepayment of the transcript fee.  See Letter from Ken Heuitt, Nov. 30, 1995, and May 15, 1996, at Cooper's Objection's and Answer "Exhibit Nos. 5 and 6" (Docket Entry No. 11).  However, Cooper proffers no evidence that he complied with the procedural requirements for receiving a transcript free of charge, as Texas law requires.  See In re Coronado, 908 S.W.2d 691 (Tex. App. -- San Antonio, 1998, no writ). Cooper was not constitutionally entitled to a free copy of his state trial transcript simply because he is indigent.  See Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975).  Therefore, Cooper has failed to show that state action in violation of the laws or Constitution of the United States created an impediment to his filing a federal petition for habeas corpus.  Accordingly, § 2244(d)(1)(B) is inapplicable to Cooper's petition.

**B.  Equitable Tolling**

Cooper argues that the statute of limitations should be equitably tolled in his case.  The AEDPA's one-year limitations provision is not jurisdictional, but instead may be equitably tolled in appropriate circumstances.  See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).  However, "garden variety excusable

neglect" does not support equitable tolling.  See id. at 402, citing Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996).  Rather, equitable tolling applies principally where the petitioner alleges that he was actively misled by the respondent about his cause of action, or prevented in an extraordinary way from asserting his rights.  See Coleman, 184 F.3d at 402.  The court therefore examines each case individually to determine whether its circumstances are sufficiently rare and exceptional to warrant equitable tolling.  See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

Though Cooper argues that his inability to access a law library and his pro se status warrant equitable tolling, the Fifth Circuit has held that such circumstances do not warrant equitable tolling.  See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)(Neither petitioner's pro se status nor unfamiliarity with legal process during the filing period merits equitable tolling.); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)("Ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").  Accordingly, these are not circumstances that warrant equitable tolling in Cooper's case.

Additionally, Cooper argues that the time he did not know that his appeal had been decided should be equitably tolled under the

AEDPA.  This will not aid Cooper.  Even if the three months and five days during which he claims to have been "abandoned" by appeals counsel[2] were added to his grace period, his petition would still be untimely.  Furthermore, the court concludes that Cooper's failure to discover the status of his case was garden-variety neglect and does not warrant equitable tolling.  Cooper further argues that had he known of the Appeals Court affirmance of his case, he would have filed for discretionary review and exhausted his claims before the AEDPA was enacted.  This argument is speculative at best, and not borne out by the fact that Cooper waited more than three years after his conviction was final to file his first state habeas petition.  The court concludes that these circumstances do not warrant equitable tolling.

Finally, Cooper also argues that respondent prevented him from asserting his rights by not informing him of an opinion in his appeal, and by tricking him through the State Counsel's office into waiting to file a federal petition.  These arguments, liberally construed, amount to allegations that the state actively misled Cooper and prevented him in an extraordinary way from asserting his

---

[2]See Cooper's Objection's and Answer, p. 6 (Docket Entry No. 11).

n:\files\m&o\99-0638.fj

-12-

rights.  If true, such actions might be grounds for equitable
tolling.  <u>See</u> <u>Fisher</u>, 174 F.3d at 713.  Under Texas state law, it
is not extraordinary for an appellant to be notified of the status
of his appeal only through counsel.  <u>See</u> Tex. R. App. P. 9.5(b),
12.6.  Therefore, the state's action in not informing Cooper of his
appeal was not extraordinary.  Rather, Cooper's argument is that
his appeals counsel's behavior was extraordinary, because he never
contacted Cooper to convey the outcome of Cooper's appeal.
However, nothing prevented Cooper from contacting his counsel or
the appeals court about his claim; instead, Cooper chose to
passively wait for contact from someone else about his case.  As
noted above, there was nothing about Cooper's contacts with the
State Counsel's office that suggested that he do nothing while that
office considered his case.  Again, he chose to send his records,
not in the three weeks suggested by the State Counsel's office, but
almost a year later.  "Equity is not intended for those who sleep
on their rights."  <u>See</u> <u>Coleman</u>, 184 F.3d at 403.  In sum, Cooper
points to nothing affirmative done by respondent to prevent him
from filing this petition.  Thus, to the extent petitioner asks the
court to equitably toll limitations, he has failed to justify such
action.

### III.   <u>Conclusion and Order</u>

Petitioner did not timely file his petition.   Therefore,
Johnson's Motion to Dismiss as Time-Barred (Docket Entry No. 10) is
**GRANTED**.

**SIGNED** at Houston, Texas, on this 25th day of October, 1999.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE